UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM STURDIVANT,

     Plaintiff,

v.                                             CASE NO. 8:22-cv-2291-KKM-TGW

HILLSBOROUGH COUNTY
SHERIFF DEPARTMENT, et al.,

     Defendants.

_____/

### ORDER

Appearing *pro se*, William Sturdivant sues (Doc. 1) the "Hillsborough County Sheriff Dept." and "Florida of State." Purportedly invoking federal jurisdiction under "Jay's Treaty" of 1794, Sturdivant (1) alleges no claim for relief (or even any facts); (2) sues a "Sheriff Department," which is a non-existent entity under Florida law; and (3) sues the State of Florida, which likely is not answerable for the action of a sheriff or a deputy sheriff. Thus, the complaint is **DISMISSED WITHOUT PREJUDICE**. Sturdivant may amend the complaint not later than **NOVEMBER 1, 2022**.

In any amended complaint, (1) Sturdivant must plead his complaint in separate claims for relief and include no more than one claim for relief in each count of the amended complaint; (2) Sturdivant must state above each count in the form of a title or a heading the name of one and only one claim for relief that the count alleges

and whether the claim is based on federal law or based on state law; (3) Sturdivant must separate or identify the facts that support each count from the facts that support another count or counts; (4) in each claim, Sturdivant must identify the defendant or defendants against whom that count states a claim; and (5) in each claim, Sturdivant must state the requested relief.

Also, any amended complaint must sue a party with the "[c]apacity to sue or be sued."  As *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), notes, a "sheriff department" or sheriff's office "is not a legal entity and, therefore, is not subject to suit."  Instead, a plaintiff must sue the "individual county sheriff[]."  *Hill v. Escambia County Sheriff's Off.*, 2022 WL 1297809, at *2 (11th Cir. 2022).  Finally, any amended complaint that sues the State of Florida must demonstrate Florida's consent to the suit or else defeat Florida's sovereign immunity from suit. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 60 (1996).

## A CAUTION TO MR. STURDIVANT

Litigation in federal court is difficult — especially if suing the government — and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders.  A judge cannot assist a party, even a *pro se* party, in conducting an action.  Therefore, Sturdivant is strongly advised to obtain legal advice and assistance — if not representation — from a member of The Florida Bar.  To the extent he intends to continue to represent himself in this action, Sturdivant should familiarize himself with both the Federal Rules of Civil Procedure at

https://www.uscourts.gov/rulespolicies/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/localrules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  Also, Sturdivant can consult the "Litigants Without Lawyers" guidelines at http://www.flmd.uscourts.gov/litigants-without-lawyers.

ORDERED in Tampa, Florida, on October 17, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE